**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC, a Delaware entity, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| | ) Case No. _____ |
| AMERICAN FAMILY INSURANCE COMPANY, a Wisconsin company, | ) ) ) |
| Defendant. | ) ) |
| | ) ) ) ) ) ) |

**NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. §§ 1331, 1332, 1367, 1441, AND 1446**

PLEASE TAKE NOTICE that Defendant American Family Insurance Company ("American Family"), through undersigned counsel, hereby removes this putative class action from the Circuit Court of the Eleventh Judicial District, in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, and states the following in support of this notice of removal:

1.      Plaintiff MSP Recovery Claims, Series LLC filed this putative class action on August 10, 2017, in the Circuit Court for the Eleventh Judicial District, in and for Miami-Dade County, Florida, as Case No. 2017-019558-CA-01, styled *MSP Recovery Claims, Series LLC v. American Family Insurance Company*. Defendant American Family was served with the putative class action complaint on October 2, 2017.

1

2.      As explained below, this Court has subject matter jurisdiction over the putative class action pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, and the putative class action may be removed to this Court because American Family has satisfied the procedural requirements.

## I.    DEFENDANT AMERICAN FAMILY SATISFIES ALL PROCEDURAL REQUIREMENTS FOR REMOVAL.

3.      Defendant American Family was served with the complaint in this putative class action on October 2, 2017.  This Notice of Removal is therefore timely, as it is filed within thirty days of the date of service.  *See* 28 U.S.C. § 1446(b).

4.      Venue lies in the United States District Court for the Southern District of Florida because the putative class action was filed by plaintiff in Miami-Dade County, Florida.  *See* 28 U.S.C. § 1441(a).

5.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon American Family, including the plaintiff's Summons and Complaint, are attached hereto as Exhibit A.  Exhibit A comprises all process, pleadings, and orders served upon defendant American Family in this putative class action.

6.      Pursuant to 28 U.S.C. § 1332(d), a copy of this Notice of Removal is being served upon plaintiff's counsel, and a copy is being filed with the Clerk of the Circuit Court of the Eleventh Judicial District.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION).

7.      Pursuant to 28 U.S.C. § 1441(a), unless otherwise provided, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8.     Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9.     "A case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983)).  A nominal state-law claim "raise[s] substantial questions of federal law" where the application of federal law is "an essential element" of the cause of action, "such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another."  *Dunlap v. G&L Holding Grp. Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (quoting *Mobil Oil Corp. v. Costal Petroleum Co.*, 671 F.2d 419, 422 (11th Cir. 1982)).  That is, federal jurisdiction is proper where the result depends on the resolution of "a dispute or controversy respecting the validity, construction, or effect" of federal law.  *Mobil Oil*, 671 F.2d at 422 (quoting *Heirs of Burat v. Bd. Of Levee Comm'rs*, 496 F.2d 1336, 1342 (5th Cir. 1974)).

10.    "The existence of federal jurisdiction is tested as of the time of removal."  *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).  This Court looks only to "plaintiff['s] original complaint[t] entered at the time of removal"; subsequent amendments may not defeat removal.  *Id.*

**A.     This Court Has Federal Question Jurisdiction Over Count I of the Complaint.**

11.    Plaintiff's first cause of action for "Breach of Contract for Failure to Pay PIP Benefits" raises a substantial question of federal law under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y, and its implementing regulations.

3

12.     Count I alleges that plaintiff seeks recovery "for Defendant's breach of contract with their insured, *pursuant to the MSP provisions*" and states that "*under the MSP provisions*, Plaintiff is subrogated to the enrollee/insured's right of action against Defendant."[1]  (Compl. ¶ 52) (emphasis added).  "MSP" refers to the Medicare Secondary Payor or MSP Act, 42 U.S.C. § 1395y, and its implementing regulations.  Generally, and in keeping with its name, the MSP Act provides that where an individual is covered by Medicare and a "primary plan" – such as group health insurance, worker's compensation, automobile insurance, or no-fault insurance – the "primary plan" must be exhausted before Medicare will step in to pay for the individual's medical expenses.  *See* 42 U.S.C. § 1395y.

13.     Plaintiff's ability to recover under Count I necessarily depends on the application and interpretation of 42 U.S.C. § 1395y and its implementing regulations.  Plaintiff is not an American Family insured and did not contract with American Family.  Instead, plaintiff is an assignee of a Medicare Advantage Organization ("MAO")[2] that allegedly paid for medical services provided to an American Family insured.  Count I alleges that American Family

---

[1] Other courts in this district have remanded actions asserting claims arising under Florida Statutes § 627.736, which governs the provision of personal injury protection ("PIP") benefits.  Count I here does not arise under the Florida PIP statute; plaintiff instead relies entirely on federal law to establish its entitlement to sue for breach of a contract to which it is not a party.  *Compare* Compl. ¶¶ 52-56 (alleging that "Defendant was contractually obligated to pay for medical expenses" and that under the MSP law, plaintiff is entitled to sue for such a breach) *with, e.g.*, *MSPA Claims 1, LLC v. Allstate Prop. & Cas. Ins. Co.*, No. 16-20443-Civ-Scola, 2016 WL 4370078, at *2 (S.D. Fla. June 30, 2016) (finding no federal jurisdiction where "All four counts recite, identically, that 'Defendant failed and/or refused to make complete payments of the No-fault benefits as required by Section 627.736, Florida Statutes"); *MSPA Claims 1 v. Liberty Mutual Fire Ins. Co.*, No. 16-20271-CIV-GAYLES/TURNOFF, 2016 WL 3751481, at *3 (S.D. Fla. July 14, 2016) ("Plaintiff alleges that its right to reimbursement is based on Florida Statute § 627.736.").

[2] "Under the Medicare Advantage program, a private insurance company, operating as an MAO, administers the provision of Medicare benefits pursuant to a contract" with the government.  *Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229, 1235 (11th Cir. 2016).  The government "pays the MAO a fixed fee per enrollee, and the MAO provides at least the same benefits as an enrollee would receive under traditional Medicare."  *Id.*

breached its contract with its policyholders by failing to "make complete payments of the no-fault benefits as required by [American Family's] contractual obligations," and that the regulations implementing 42 U.S.C. § 1395y give the MAO from which plaintiff allegedly took an assignment the right to sue on the policyholder's behalf.  (Compl. ¶ 52).  To this end, Count I alleges that American Family "was contractually obligated to pay for medical expenses and items arising out of an automobile accident"; that it "failed to meet that obligation"; that the "obligation was, instead, fulfilled by the . . . [MAO] and other Class Members"; and that as a result, "[u]nder the MSP provisions" of 42 U.S.C. § 1395y, "Plaintiff is permitted to subrogate the enrollee/insured's right of action against Defendant."  *Id.*  Thus, plaintiff's entire entitlement to pursue Count I – let alone recover – turns on the application and interpretation of the regulations implementing 42 U.S.C. § 1395y.[3]

14.     Indeed, just two months before filing this action, plaintiff's counsel represented to a court in this District that it had federal question jurisdiction over a cause of action identical in all material ways to Count I of this action.  *See MAO-MSO Recovery II v. USAA Casualty Insurance Company*, 1:17-cv-20946-JAL, Dkt. 36 ¶ 8 (the "*USAA Action*," attached hereto as Exhibit B).  The only meaningful difference between Count I of this action and Count II in the *USAA Action* is that plaintiff in this action removed a reference to a section of the MSP Act's implementing regulation "42 C.F.R. § 411.26."  (Compare Compl. ¶ 52 *with* Ex. B ¶ 82).  This stylistic change does not affect federal jurisdiction.  *See Franchise Tax Bd.*, 463 U.S. at 22 ("It is

---

[3] Indeed, the main difference between Count I and Counts II and III is that plaintiff alleges that its subrogation rights in Count I arise via the "MSP provisions" (*i.e.* federal law), whereas Counts II and III allege subrogation rights arising under Florida state subrogation law.  *Compare* Compl. ¶ 52 *with* ¶¶ 57-62 (alleging an entitlement to "Conventional Subrogation"); 63-67 (alleging "Equitable Subrogation").

an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.").

15.     Moreover, the construction, interpretation, and application of federal law will play a substantial role in determining – for example – whether plaintiff may recover in the place of American Family insureds.

16.     By statute and regulation, the United States is entitled to be subrogated to a Medicare beneficiary's right to recover against their insurance companies.  *See* 42 U.S.C. § 1395y(b)(2)(B)(iii); 42 C.F.R. § 411.26(a).  The complaint appears to assert that these same provisions also entitle MAOs (and by extension, plaintiff as an assignee) to be subrogated to their member's right to recover against their insurance company, as the deliberately omitted regulatory citation (which was included in the *USAA Action*) is a reference to 42 C.F.R. § 411.26(a).  But it is far from clear whether MAOs may exercise the same rights as the United States – 42 U.S.C. § 1395y makes no reference to MAOs, and 42 C.F.R. § 411.26(a) makes explicit reference to "CMS,"[4] but not to MAOs.  This Court will therefore be called on to determine whether 42 U.S.C. § 1395y and 42 C.F.R § 411.26(a) combine to allow MAOs to subrogate claims against American Family.

17.     Additionally, in the *USAA Action*, the plaintiffs (who, like plaintiffs here, are purported assignees of MAOs) argued they could exercise the "same rights to recover" as the United States pursuant to a different federal rule, 42 C.F.R. § 422.108(f).  *See* Ex. B ¶ 25.  But, as the Ninth Circuit recognized in *Parra v. PacifiCare of Arizona, Inc.*, at least some of the rights supposedly conferred upon MAOs by 42 C.F.R. § 422.108(f) arguably are not supported by the statutory text authorizing the regulation.  715 F.3d 1146, 1154 (9th Cir. 2013) (recognizing that

---

[4] The Centers for Medicare & Medicaid Services.

the regulation did not validly confer upon private parties a right of action that is available to the government); *see also Humana Med. Plan, Inc. v. W. Heritage*, 832 F.3d 1229, 1242 (11th Cir. 2016) (noting that the plaintiff MAO's asserted private right of action – on its own behalf – "appears to comport with" 42 C.F.R. § 422.108(f), but not considering the validity of 42 C.F.R. § 422.108(f) or its application to subrogation claims); *see also id.* at 1242 (Pryor, J., dissenting) (recognizing that an MAO's right to recover flows from 42 U.S.C. § 1395w-22(a)(4), a separate scheme that does not provide for subrogation).  Whether or not 42 C.F.R § 422.108(f) is valid, applicable, and the scope of the rights that it confers, may well prove dispositive of plaintiff's standing to recover "pursuant to the MSP provisions."

18.     Count I of plaintiff's complaint therefore "arises under" federal law, such that this court may exercise jurisdiction to resolve it.

**B.     This Court Should Exercise Supplemental Jurisdiction Over Plaintiff's Remaining Claims.**

19.     Where federal jurisdiction is proper over at least one claim, a district court possesses supplemental jurisdiction over all state-law claims that "arise out of a common nucleus of operative fact" with the "substantial federal claim."  *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).  The court "must exercise its jurisdiction over [the] related state law claims unless a statutory exception applies."  *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1362 (11th Cir. 2016).

20.     As set out above, the court has federal question jurisdiction over Count I.  Counts II and III share a common nucleus of operative fact with Count I, and no statutory exception applies.  This court therefore has supplemental jurisdiction over Counts II and III.

21.     The "common nucleus of operative fact" standard is broad.  In *Parker*, the Eleventh Circuit recognized that two claims arising out of the operation of a single business

arose from the same factual nucleus. *See* 468 F.3d at 743. Although plaintiff's complaint pleads no actual (or even exemplary) facts, it is clear that (in plaintiff's conception) all three counts share the same underlying fact pattern: an American Family insured was injured; American Family failed to pay all required benefits; an entity that has contracted with plaintiff (identified in paragraph 63 as Florida Health Care Plans) paid for the insured's treatment on American Family's behalf; and American Family has not reimbursed that entity. Compl., ¶¶4-6. Indeed, Counts I, II, and III differ only as to the purported source of the obligation, not the underlying facts: Count I alleges that the plaintiff's entitlement to sue arises out of federal "MSP provisions," and that the obligation that American Family breached was contractual in nature. Counts II and III allege the same facts, but assert that plaintiff's entitlement to sue arises under Florida subrogation law and that the obligation that American Family allegedly breached depends on the Florida no-fault law, Fla. Stat. § 627.736. Thus, all three theories arise out of the common nucleus of operative facts – American Family's handling of the claims of the insureds in whose shoes plaintiff brings suit.

22. No statutory exception applies. *See* 28 U.S.C. § 1367(c). While this action presents complex questions of federal law, it does not "rais[e] a novel or complex issue of State law." *Id.* § 1367(c)(1). The state law claims do not "substantially predominat[e] over the claim . . . over which the original court has jurisdiction." *Id.* § 1367(c)(2). The district court has jurisdiction over Count I, and thus has not "dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). And, finally, this is not an "exceptional" case presenting "compelling reasons" to remand the state-law claims. *Id.* § 1367(c)(4).

23. Accordingly, this court must entertain this entire action.

### III.   REMOVAL ALSO IS PROPER BECAUSE THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332 (TRADITIONAL DIVERSITY).

24.     This court also has diversity jurisdiction over this action under 28 U.S.C. §§ 1332 and 1367.

25.     Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" where the parties are "citizens of different States."

### A.     Diversity of Citizenship Exists between MSP Recovery Claims, Series LLC and American Family Insurance Company.

26.     American Family is incorporated in Wisconsin and maintains its principal place of business in Madison, Wisconsin.  It is therefore a citizen of Wisconsin under 28 U.S.C. § 1332(c)(1).

27.     Plaintiff MSP Recovery Claims, Series LLC is alleged to be a Delaware LLC with its principal place of business in Miami, Florida.  Generally, for diversity purposes, LLCs are deemed to be "a citizen of any state in which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  But, a litigant "need not affirmatively allege the citizenship of each member of [an] LLC if it is unable to do so after a reasonable investigation." *Lincoln Ben. Life. Co. v. AEI Life, LLC*, 800 F.3d 99, 110 (3d Cir. 2015); *see also Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087-88 (9th Cir. 2014) (excusing a plaintiff from pleading diversity "affirmatively and on knowledge" where it "had made efforts to determine the citizenship of the [ ] LLCs" but "was unable to do so from publicly available information.").

28.     In another action pending in this court, MSP Recovery Claims, Series LLC represented to the court that its sole member is another LLC, "Series MRCS, LLC."  *See MSP Recovery Claims, Series LLC v. Travelers Casualty & Surety Company*, 1:17-cv-23628-KMW

Dkt. 9 (attached hereto as Ex. C).  The filing does not list the members of that LLC, and searches

on the websites of the Secretaries of State of Delaware and Florida, and on the website of the

Wisconsin Department of Financial Institutions, returned no results for entities with that name.

There is therefore no indication that any of the members of "Series MRCS, LLC," are Wisconsin

citizens.

29.     American Family therefore reasonably believes, and on information and belief

alleges, that MSP Recovery Claims, Series LLC is not a citizen of the state of Wisconsin.  *See*

*Carolina Cas. Ins. Co.*, 741 F.3d at 1087 (allowing diversity to be alleged "on the basis of

information and belief").  Complete diversity of citizenship is present.

**B.     The Amount-in-Controversy Requirement is Satisfied.**

30.     Removal is proper where the jurisdictional amount is "readily deducible" from

"the face of the documents before the court."  *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211

(11th Cir. 2007) (considering the jurisdictional amount for CAFA removal).  Here, plaintiff's

complaint establishes that the amount in controversy requirement is satisfied.

31.     Despite what plaintiff suggests in the complaint (Compl. ¶ 8), its individual claim

exceeds the $75,000 amount-in-controversy threshold, exclusive of interest and costs.  28 U.S.C.

§ 1332(a).  To start, plaintiff mistakenly believes that no individual incident involving Personal

Injury Protection ("PIP") coverage can exceed $10,000 (Compl. ¶ 8), but under Fla. Stat.

§ 627.736(1), $10,000 is the *minimum* for PIP coverage.  *See* Fla. Stat. § 627.736(13) (referring

to the "minimum $10,000 benefit coverage requirement").

32.     The complaint alleges that the class consists of "more than twenty-five (25) but

less than fifty (50) entries [sic] or their assignees."  (Comp. ¶ 26).  After extensive research,

including reviewing prior briefing by plaintiff's counsel, Defendant American Family has

identified 37 Florida MAOs that could potentially be putative class members.  Out of the

population of 37 MAOs, plaintiff alleges that "numerous MAOs" have granted it assignments. (Compl. ¶ 8). The term "numerous" typically refers to "very many" or "scores", which explains why courts – including this court – have construed "numerous" to refer to quantities exceeding eight. *See, e.g.*, *Perry v. Schack*, No. 09-21771-CIV, 2009 WL 2369211, at *1-2 (S.D. Fla. July 31, 2009) (adopting Report and Recommendation referring to plaintiff's 27 lawsuits as "numerous cases"); *Lowe v. Consolidated Freightways of Del.*, 177 F.3d 640, 641 (7th Cir. 2006) (referring to "numerous (at least 8 or 10)" instances of prior misconduct). Even assuming "numerous" refers to only 8 MAOs, and that each MAO possessed only one PIP claim on average, the amount in controversy threshold is exceeded (8 x $10,000 = $80,000).

33.     In this case, however, the amount in controversy threshold is exceeded even if plaintiff intended for "numerous MAOs" to mean no more than four MAOs. Plaintiff claims to possess "all rights, title, and interest" of the assignee MAOs. (Compl. ¶ 5 n.1; *see also* Compl. ¶ 10 ("Plaintiff has been assigned all legal rights of recovery and reimbursement … provided by health care organizations")). In turn, plaintiff alleges that "[n]umerous Medicare beneficiaries … were enrolled" in the plans administered by the assignee MAOs. (Compl. ¶ 15). Based on a review of "claims data," plaintiff further alleges that defendant engaged in "widespread and systematic" misconduct. (Compl. ¶ 20). Putting these allegations together, plaintiff purports to seek relief based on at least four Medicare beneficiaries per MAOs for at least 4 MAOs, placing at least $160,000 in controversy (4 Medicare Beneficiaries x 4 MAOs x $10,000).

34.     Finally, the amount in controversy requirement is satisfied because plaintiff seeks attorneys' fees, which count toward the amount in controversy for purposes of traditional diversity jurisdiction. *See, e.g.*, *Weinberger v. RaceTrac Petroleum, Inc.*, 672 F. App'x 914, 917 (11th Cir. 2016) (noting that the amount in controversy exceeded $75,000, exclusive of interest

and costs, even though the plaintiff "claimed that damages would not exceed $65,000," because the plaintiff "did not factor in attorney's fees").  Even assuming plaintiff were to limit itself to no more than $500,000 for litigating a class action to trial, the pro rata share of attorneys' fees for each of the 37 MAOs would be roughly $13,500.  Due to the assignment of the rights of "numerous" MAOs, plaintiff thus would seek anywhere from $54,000 (if "numerous MAOs" means no more than four) up to more than $100,000 in attorneys' fees (if "numerous MAOs" means 8 or more).  Indeed, even if the class consisted of 50 MAOs – the absolute maximum according to plaintiff (Compl. ¶ 26) – and fees were capped at $350,000 (i.e., $7,000/MAO), plaintiff would be seeking attorneys' fees of $28,000-56,000 (i.e., $7,000 x 4 MAOs = $28,000; $7,000 x 8 MAOs = $56,000).

35.     Plaintiff cannot negate the specific factual allegations in the complaint with a conclusory assertion that its "aggregate claims" do not exceed $75,000, exclusive of interest and costs.  Compl. ¶ 8.  For such an allegation to be entitled to any weight to avoid removal, plaintiff was required to formally and expressly disclaim any right to recover more than $75,000, exclusive of interest and costs, and plaintiff has not done so in the complaint or in any writing served prior to removal.  *See, e.g., Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (noting that "plaintiffs . . . who want to pursue claims against diverse parties in state court seeking unspecified damages of various kinds . . . must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that the plaintiff will never accept more").

36.     This court therefore has jurisdiction over this action under 28 U.S.C. § 1332.

**WHEREFORE**, American Family Insurance Company hereby removes this class action from the Circuit Court of the Eleventh Judicial District, in and for Miami-Dade County, Florida, to this Court, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.


DATED:  October 31, 2017                    Respectfully submitted,


                                            WEINBERG WHEELER HUDGINS GUNN &
                                            DIAL
                                            By:  ___/s/ Kate D. Spinelli_____
                                            Kate D. Spinelli (Florida Bar No. 88842)
                                            2601 South Bayshore Drive
                                            Suite 1500
                                            Miami, FL 33133
                                            (305) 455-9500
                                            kspinelli@wwhgd.com

                                            Stephen W. Mooney (Florida Bar No. 41678)
                                            3344 Peachtree Road, NE
                                            Suite 2400
                                            Atlanta, GA 30326
                                            (404) 876-2700
                                            smooney@wwhgd.com

                                            SIDLEY AUSTIN LLP

                                            Theodore R. Scarborough (*pro hac vice pending*)
                                            Christopher M. Assise (*pro hac vice pending*)
                                            Peter J. Brody (*pro hac vice pending*)
                                            One South Dearborn Street
                                            Chicago, IL 60603
                                            (312) 853-2236
                                            tscarborough@sidley.com
                                            cassise@sidley.com
                                            pbrody@sidley.com
                                            *Attorneys for Defendant American Family*
                                            *Insurance Company*

<u>**CERTIFICATE OF SERVICE**</u>

I, Kate D. Spinelli, hereby certify that on this 31st day of October, 2017, I caused to be served a copy of the above document to the following by email:

John H. Ruiz
MSP Recovery Law Firm
5000 SW 75th Avenue, Suite 400
Miami, FL 33155
(305) 614-2222
serve@msprecovery.com

*/s/ Kate D. Spinelli*
Kate D. Spinelli (Florida Bar No. 88842)
2601 South Bayshore Drive
Suite 1500
Miami, FL 33133
(305) 455-9500
kspinelli@wwhgd.com

14